No. 12-1506, 13-1265

———————————————

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

———————————————

**DETLEF SOMMERFIELD**

Plaintiff-Appellant,

v.

**CITY OF CHICAGO**

Defendant-Appellee,

———————————————

Appeal from The United States District Court
For the NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION,
Case No. 1:06-cv-03132
The Honorable Judge HARRY D. LEINENWEBER

———————————————

**REPLY BRIEF OF PLAINTIFF-APPELLANT**

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9490
Longo-Associates@SBCglobal.net

———————————————

**ORAL ARGUMENT REQUESTED**

———————————————

## TABLE OF CONTENTS

*Retaliation*…………………………………………………………………………….1

*Defendant/city's miscellaneous arguments*…………………………………………..7

*Limine motions*………………………………………………………………………….8

*Attorney's fees*……………………………………………………………………......11

*Defendant's 7000-9000 hours*…………………………………………………………17

*$395/hour; below market*……………………………………………………….......18

*Undisputed amounts*…………………………………………………………………...22

*As defendant failed to meet its burden, correct method entails compensating plaintiff for his work/risk*……………………………………………………………24

*Certificate of Service*…………………………………………………………………25

*Certificate of Compliance With Rule 32*……………………………………….......26

*Circuit Rule 30 Certification*……………………………………………………….27

## TABLE OF AUTHORITIES

Alioto v. Lisbon, 651 F. 3d 715 (7th Cir. 2011)…………………………………3

Anderson v. AB, 578 F.3d 542,546 (7th Cir. 2009)………………………9, 10

Ball…………………………………………………………………………………6

Brandt v. Vulcan, 30 F. 3d 752 (7th Cir.1994)…………………………………..8

Burdine…………………………………………………………………………...6

Burlington v. White, 548 U.S. 53 (2006)………………………………………...1

Burrage v. US, 134 S.Ct. 881 (2014)……………………………………………1

Coleman v. D.C., 749 F.3d 49 (DC Cir.  2015)………………………………2

Collins v. Woodridge, 96 F. Supp.2d 744 (ND Ill. 2000)…………………….1

Cuff v. Trans, 768 F.3d 605, 610 (7th Cir. 2014)……………………………18

e360 v. Spamhaus, 658 F.3d 637 (7th Cir. 2011)………………….….…7, 8

Enoch v. Tienor, 570 F. 3d 821 (7th Cir. 2009)……………………………10

Faragher/Ellerth…………………………………………………………...16, 17

Fentress v. Potter, 2012 LEXIS 62484 (ND Ill. 5/4/12)………………………..3

Flowers v. Southern, 247 F.3d 229 (5th Cir. 2001)……………………………6

Freeman v. Spencer, 333 F.Supp.2d 1114 (D. Kan. 2004)……………………..6

Garcia v. Sigmatron, #15-3311 (7th Cir. 11/29/16)……………………………3

Gyorgy v. C.I.R., 779 F.3d 466, 481 (7th Cir. 2015)………..….…...1,3,6,15,17

Hall……………………………………………………………………………...6

Hensley v. Eckerhart, 461 US 424 (1983)………………………………………18

Hill v. Tangherlini, 724 F.3d 965 (7th Cir.2013)……………………….....13

Horton v. Jackson, 343 F.3d 897, 898 (7th Cir. 2003)…………………………..3

Humphries v. CBOCS, 474 F.3d 387, 405-06 (7th Cir. 2007) aff'd, 553

U.S. 442 (2008)……………………………………………………………1

Johnson v. GDF, 668 F.3d 927(7th Cir. 2012)………………………………..6,14

Joseph v. Hess, 867 F.2d 179 (3d Cir. 1989)……………………………….....4

Kargbo v. Philadelphia, 16 F.Supp.3d 512 (E.D. Pa. 2014)……………………6

Kaytor v. Electric, 609 F. 3d 537 (2nd Cir. 2010)………………………………2

Kimble v. State, 2013 WL 4501023 (N.D. Ohio, 8/21/13)……………………...4

Kramarski v. Orland, 2002 WL 1827637 (ND Ill. 8/9/02)……………………...1

Lewis v. Chicago, 496 F.3d 645 (7th Cir. 2007)………………………………..1

Malin v. Hospira, 762 F.3d 552 (7th Cir. 2014)……………………………1, 2, 6

Marra v. Philadelphia, 497 F.3d 286 (3d Cir. 2007)……………………………5

M.B. v. Chicago, 723 F.2d 1263 (7th Cir. 1983)………………………………11

McGinest v. GTE, 360 F.3d 1103 (9th Cir. 2004)………………………………6

Mohr v. Chicago, 194 F.Supp.2d 786 (ND Ill. 2002)…………………………....9

Montanez v. Simon, 755 F.3d 547 (7th Cir. 2014)…………………………12, 14

Moreno v.  Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008……………………...9

Nanetti v. University, 944 F.2d 1416 (7th Cir. 1991)…………………………18

Norman v. Housing, 836 F. 2d 1292 (11th Cir. 1988)…………………………14

Northern v. Riffner, #15-2142 (7th Cir. 3/10/17)………………………………7

Obrycka v.Chicago, #07CV2372 (N.D. Ill.)……………………………………5

Olson v. GE, 101 F.3d 947 (3d Cir. 1996)………………………………………5

Ortiz v. Werner, 834 F.3d 760 (7th Cir. 2016)…………………………………...2

Partington v. Broyhill, 999 F.2d 269, 273-74 (7th Cir. 1993)…………………9, 10

Perdue v. Kenny, 559 US 542 (2010)……………………………………13, 15, 18

Perkins v. Mobile, 847 F.2d 735; 738 (11th Cir. 1988)…………………………9

<u>Pickett v. Sheridan</u>, 813 F. 3d 640 (7th Cir. 2016)……………………..…...12, 13

<u>Reeves v. Sanderson</u>, 530 US 133 (2000)……………………………………..2

<u>Richardson v. Chicago</u>, 740 F.3d 1099 (7th Cir. 2014)…………………………11

<u>Schlacher v. Rotche</u>, 574 F. 852(7th Cir. 2009)………………………………...13

<u>Strickland v. Norfolk</u>, 692 F. 3d 1151 (11th Cir. 2012)…………………………1

<u>Surowitz v. Hilton</u>, 383 U.S. 363 (1966)………………………………………5

<u>US v. King-Vassel</u>, 728 F.3d 707 (7th Cir. 2013)………………………………..2

<u>USF v. NFL</u>, 887 F.2d 408 (2d Cir. 1989)………………………………………18

<u>Williams v. Chicago</u>, 733 F. 3d 749 (7th Cir. 2013)…………………………….2

**Retaliation**

"Establishing a prima facie case should not be…onerous…plaintiff need present only 'some evidence…which one can infer that the employer took adverse action against…plaintiff.'" Humphries v. CBOCS, 474 F.3d 387, 405-06 (7th Cir. 2007), aff'd, 553 U.S. 442 (2008).

 Notably, defendant presents no cases or distinguishes, except for alluding, any of the plaintiff's cases relating to the District Court's reason for granting SJ, i.e., plaintiff not providing specificity, though the District Court acknowledged "Sommerfield clearly alleges retaliation in his affidavits". (Appellate brief, hereafter, AB4-6). Conspicuously, defendant cites no evidence that disagrees with the plaintiff's evidence of defendant's adverse actions (hereafter, #1-6, AB4) against plaintiff, i.e., require plaintiff to work alone in dangerous areas, use his personal car for work-related matters, frequently change his starting time, assign him to hospital duty assigned to inferior officers, etc. Plaintiff's testimony regarding #1-6 is undisputed.

Defendant causing plaintiff to suffer #1-6 dissuades officers from engaging in protected activity. Burlington v. White, 548 U.S. 53 (2006). Conspicuously, defendant does not respond to plaintiff's argument that defendant violated its own rules by requiring plaintiff to suffer #1-6. AB7-9; R498, p.4-6. Prior to plaintiff complaining, plaintiff did not suffer #1-6 which only began after plaintiff complained. R450, p.12; R494, 20-23.

Denying  police officers backup is "threatening." Kramarski v. Orland, 2002 WL 1827637 (ND Ill. 8/9/02) ; Collins v. Woodridge, 96 F. Supp.2d 744 (ND Ill. 2000) (no police backup survived SJ); Lewis v. Chicago, 496 F.3d 645 (7th Cir. 2007) (dangerous assignments survived SJ).

Repeatedly, defendant presents general summary judgment (hereafter, SJ) principles, but fails to specify how they apply to plaintiff. Gyorgy v. C.I.R., 779 F.3d 466, 481 (7th Cir. 2015)

("[p]erfunctory, undeveloped arguments without...citation...are waived." ) Defendant/city refers to "but for" cause. More than one "but for" cause can exist. <u>Burrage v. US</u>, 134 S.Ct. 881 (2014); <u>Malin v. Hospira</u>, 762 F.3d 552 (7th Cir. 2014). Defendant repeatedly argues that plaintiff did not demonstrate disputed facts, but defendant fails to specify the alleged undisputed facts that plaintiff had to dispute. As stated, defendant presents <u>no</u> evidence not agreeing with plaintiff's testimony regarding #1-6. Defendant argues that plaintiff's SJ briefs cited to documents not provided to the District Court, but the District Court provided no specifics. Plaintiff's four correspondences to the District Court  itemized all documents provided to it. R498, Exhibit 100. If the District Court had informed the plaintiff of needing another copy, plaintiff would have gladly provided it.

Without citing case law, thus waiving the argument, <u>Gyorgy</u>, supra, defendant, p.24-25, argues that plaintiff's affidavits do not establish causation as plaintiff did not identify supervisors and state when the retaliation occurred. However, defendant/city forgot admitting that plaintiff identified his supervisors (Ernest, Pickering, Woods) as subjecting him to #1-5. R450, p.19. Nevertheless, even if plaintiff had not, arguendo, defendant's argument goes to weight, credibility which the jury must decide, not the District Court on SJ. <u>Kaytor v. Electric</u>, 609 F. 3d 537 (2nd Cir. 2010)(reversing SJ; plaintiff only remembered one instance of harassment, not recalling dates or details of harassment); <u>Strickland v. Norfolk</u>, 692 F. 3d 1151 (11th Cir. 2012) (though plaintiff could not identify where his injury occurred, SJ inappropriate; jury must decide issues).

Also, defendant ignores plaintiff's cases that the District Court's requirement of heightened specificity is unnecessary at the SJ stage, and, reversible error. AB5-6. The District Court must review all evidence and reject evidence that the jury is not required to believe.

Reeves v. Sanderson, 530 US 133 (2000). As the FRCP 56, 50 standards are the same, id, when deciding SJ, the District Court should presume that the jury rendered a verdict for the plaintiff, and then, determine if the evidence supports such verdict. SJ must be denied if, considering all evidence, the jury could find that defendant retaliated against plaintiff. Ortiz v. Werner, 834 F.3d 760 (7th Cir. 2016). In Sommerfield, considering the totality of the evidence, the jury could find defendant retaliated against plaintiff.

Nonmovants are not required to present evidence on arguments not raised by movants and District Courts should not rely on such. US v. King-Vassel, 728 F.3d 707 (7th Cir. 2013). Defendant does not argue that it presented fully developed arguments in the lower court that plaintiff's affidavits lacked specificity. District courts err when granting SJ on scant arguments by defendants/movants, particularly as all favorable inferences must be given to plaintiff/nonmovant. Williams v. Chicago, 733 F. 3d 749(7th Cir. 2013); Coleman v. D.C., 749 F.3d 49 (DC Cir.  2015). Defendants frivolously filing SJ motions when defendant/city denied Knasiak's verbal attacks against plaintiff (disputed facts) could face sanctions. Malin v. Hospira, 762 F. 3d 552 (7th Cir. 2014). Though plaintiff argued this (R450, p.26), the District Court disregarded it. R494.

Regarding plaintiff's motion to reconsider, defendant/city, p.31, scantily argues that the District Court did not have to scour the record, but no scouring was necessary because, as defendant/city admits by quoting plaintiff's AB31, the plaintiff's evidence answering the opinion's questions was simultaneously before the District Court. AB5. Plaintiff demonstrated this in his motion to reconsider. Id. Respectfully, the District Court should have granted the plaintiff's motion to reconsider because denying plaintiff the constitutional right to a jury trial when disputed facts exists is serious. Justice requires that cases be decided on the merits. Courts

3

do not require the specificity that the District Court required. AB6. Even if it did, arguendo, plaintiff's simultaneously presented evidence answered the opinion's questions, providing the specificity the District Court required. AB6-9.

Instead of disputing plaintiff's cases/arguments or presenting undisputed facts, defendant embarks in arguments never raised in the District Court and raised for the first time on appeal, thus waiving the arguments, Alioto v. Lisbon, 651 F. 3d 715 (7th Cir. 2011), e.g., defendant argues that plaintiff's retaliation is limited to post-6/04 as plaintiff's 7/06 EEOC charge stated the retaliation occurred "ever since" the 6/04 EEOC charge. However, defendant failed to prove that it argued this in the District Court or that the EEOC charge stated that no retaliation occurred before 6/04. Nevertheless, retaliation EEOC charges filed separately from discrimination are unnecessary. Horton v. Jackson, 343 F.3d 897,898 (7th Cir. 2003); Fentress v. Potter, 2012 LEXIS 62484 (ND Ill. 5/4/12).

Moreover, defendant, p.29, argues that its #1-5 against plaintiff occurring before 6/04 could not be retaliation of the 6/04 EEOC charge, but defendant/city fails to prove they argued this in the District Court and cites no cases, thus waiving the argument. Gyorgy, supra. Nevertheless, plaintiff's verbal complaints about discrimination/harassment for years before his 3/04 IAD complaint and 6/04 EEOC charge are protected activity. Garcia v. Sigmatron, #15-3311 (7th Cir.11/29/16). Because of plaintiff's complaints, defendant/city retaliated against him. Defendant admitted that their investigator knew that plaintiff complained about discrimination/harassment for years before the 3/04 IAD complaint. Request to admit#104, R427, p.50,54; R365, p.1.

Conspicuously, defendant/city presents no evidence that plaintiff did not complain repeatedly about discrimination/harassment or that it did not retaliate against plaintiff with #1-6.

4

AB4-5. Instead, defendant attacks plaintiff's credibility, eg., p.30, arguing that plaintiff stated that he had not been assigned to hospital duty before 3/04 and that Knasiak assigned him to it in 2002-2004, increasing after plaintiff complained to IAD. However, defendant/city is mistaken because in its reference to R427, ¶10, 76, plaintiff does <u>not</u> refer to the 3/04 IAD complaint. Rather, plaintiff states, consistently, that before he began complaining about discrimination/harassment, defendant/city had <u>not</u> assigned him to hospital duty and started assigning it to him only <u>after</u> he began complaining. <u>Joseph v. Hess</u>, 867 F.2d 179 (3d Cir. 1989); <u>Kimble v. State</u>, 2013 WL 4501023 (N.D.Ohio, 8/21/13). Defendant/city presented <u>no</u> evidence that it did not begin assigning hospital duty to plaintiff only after he began complaining about discrimination/harassment.

Defendant, p.26, cited no cases that plaintiff had to discuss damages in <u>Sommerfield II</u> in his AB. After the plaintiff received the <u>Sommerfield II</u> 7/14 jury verdict against Knasiak, defendant/city agreed to pay plaintiff lost wages in 2015, but plaintiff has not recovered for the emotional suffering from defendant/city depriving him of the canine position which he would have received, but for defendant/city's retaliation. Defendant/city has not proved otherwise.

Defendant/city, p.29, states that plaintiff did not argue in the lower court that Commander Ernest had ultimate authority regarding assignments and caused, directly or indirectly with Knasiak, #1-6 against plaintiff, but defendant/city forgot that the plaintiff did. (e.g.,"Ernest discriminated/retaliated against...plaintiff by causing plaintiff to suffer...(e.g., requiring plaintiff to work alone"; "plaintiff testified that…Ernest rejected…plaintiff's request for a partner, ignored...plaintiff's objections to hospital duty and having to use his own car…", "Ernest ignored...plaintiff's repeated complaints about… Knasiak harassing him, thus condoning continuous harassment", "Ernest had the power to transfer...plaintiff from one police car to

another, frequently change...plaintiff's starting time, deny...plaintiff...partner…", "Ernest discriminated...retaliated against...plaintiff". R450, p.5-9, 12. Also, regarding catspaw, plaintiff argued that supervisors with discriminatory animus caused #1-6 against plaintiff. R450, p.5, 17.

Defendant, p.25, argues that plaintiff testified that only Knasiak retaliated against him when defendant asked him "is (Knasiak) the only person that you believe… who…discriminated, retaliate or harassed you."  However, plaintiff's belief is irrelevant. Olson v. GE, 101 F.3d 947 (3d Cir. 1996) (belief irrelevant; otherwise, difficult task of proving motive becomes more difficult); Marra v. Philadelphia, 497 F.3d 286 (3d Cir. 2007)( plaintiff disbelieving that manager retaliated against him doesn't undercut pretext); Surowitz v. Hilton, 383 U.S. 363 (1966) (plaintiff's ignorance of facts/ law was irrelevant). Plaintiff cannot be expected to divine what defendant did behind closed doors, i.e., discuss retaliating against plaintiff, particularly with defendant's code of silence. Obrycka v.Chicago, #07CV2372 (N.D. Ill.) (verdict finding code of silence). Though defendant/city, p.28, informs this Court that Knasiak transferred to the second shift, defendant/city fails to inform this Court that Knasiak's shift overlapped plaintiff's shift by 2 or 3 hours. R427, p.5.

Regarding defendant/city requiring plaintiff to work in dangerous areas alone without a partner, defendant/city, p.28, argues that plaintiff did not know whether the commander consented to this, but whether plaintiff could divine what occurred behind closed doors or what he believed is irrelevant. Olson; Marra; Surowitz, supra. Indisputably, after consulting with sergeants, the commander decided who would partner with whom, who would get specific beat cars, etc. R427, p.70 of 78, ¶76. Indisputably, the commander and supervisors assigned partners to officers and when the commander was frequently unavailable, the sergeants were in charge, e.g., Knasiak. R427, p.5, ¶6; R498, p.3.

6

Though defendant/city argues, p.27, that evidence did not demonstrate that Knasiak knew that Sommerfield complained to IAD and that it's "undisputed" that Knasiak initiated his CR before Sommerfield, defendant/city forgot that plaintiff complained verbally to the IAD <u>before</u> the 3/16/04 date that IAD typed on his complaint. R427 p.34, ¶36. The jury, not the District Court on SJ, determines credibility about whether Knasiak was lying about when he learned that plaintiff contacted IAD.

### *Defendant/city's miscellaneous arguments*

Though plaintiff's jurisdictional statement states 22 USC §2201, amongst other bases (complying with FR App.P 28), it should have stated 28 USC §2201. The plaintiff apologizes to this Court and defendant. Though defendant/city states that FRApp.P 28 (a) (7) requires citations, it does not, stating "summary of the argument…which must not…repeat the argument headings."

Defendant/city argues that plaintiff did not use pin cites at AB23-24, but AB23 used a short cite because plaintiff previously provided a pin cite. Also, AB24 has pin cites. Defendant/city argues that plaintiff uses "supra" without connection to previous citations, referring to AB6, 18-19. On these pages, plaintiff used supra because he previously cited to <u>Burdine</u>, <u>Ball</u> and <u>Hall.</u>

On AB24, plaintiff stated that RR refers to report and recommendation. Defendant/city argues, p.22, that plaintiff's sentence is not complete, i.e., "utilizing the wrong method, reviewed de novo, RR 7-9 utilizes some (not even all) of the <u>Johnson</u> factors." However, the sentence is complete, having a subject (RR), verb (utilizes) and object (factors).

### *Limine motions*

For the most part, defendant/city fails to distinguish plaintiff's cases that even if discrete

acts were time-barred, they are admissible for other purposes, <u>Malin v. Hospira</u>, 762 F.3d 552 (7th Cir. 2014), e.g., supporting plaintiff's harassment claims. Despite defendant/city's argument with no cases, thus waiving it, <u>Gyorgy</u>, supra, hostile environments are not just proved with verbal attacks, but by behavior that alters plaintiff's work environment. <u>Kargbo v. Philadelphia</u>, 16 F.Supp.3d 512 (E.D. Pa. 2014); <u>Flowers v. Southern</u>, 247 F.3d 229 (5th Cir. 2001)(ADA: harassment); <u>Freeman v. Spencer</u>, 333 F.Supp.2d 1114 (D. Kan. 2004); <u>McGinest v. GTE</u>, 360 F.3d 1103 (9th Cir. 2004) (forcing plaintiff to work in danger, insulting him, preventing him from collecting overtime, nigger). The jury was entitled to know what plaintiff had to suffer daily when determining damages for his harassment claims i.e., #1-6. Unfortunately, the District Court withheld this important information from the jury, prejudicing the plaintiff.

As argued in plaintiff's AB, as the jury already found defendant/city liable for harassment, plaintiff seeks a new trial on damages, so that the jury can assess damages based upon the totality of defendant's harassment (verbal, behavioral) against plaintiff. Also, plaintiff requests that this Court reverse the SJ on retaliation (#1-6), so that the jury can decide how defendant/city retaliated against plaintiff, causing plaintiff to suffer. Moreover, if this Court chooses to move to the next step and remand, this Court may determine that the jury should know about defendant/city's resolutions praising Knasiak, a known discriminator/harasser/retaliator (R365, p.1, reply appendix, hereafter, Rapp33-35) when deciding retaliation and/or the plaintiff's emotional suffering from #1-6.

***Sanctions motion***

Notably, defendant/city barely discusses their misconduct, much less attempt to justify it, e.g., violating multiple court orders, keeping hidden resolutions praising Knasiak, canceling depositions without notice to the plaintiff traveling from the suburbs to defendant's office, being

obstructive and insulting at depositions, engaging in tagteam obstructive tactics at depositions as if the depositions were a sport, game for defendant/city, etc. Also, defendant/city hardly discusses any of the plaintiff's numerous cases. Defendant/city shouldn't have done wrongful. Plaintiff should not have had to seek sanctions. The District Court abused its discretion by not sending the appropriate message to the defendant/city. This Court may decide that it will not countenance such misconduct and must send a message to defendant/city, District Court judges and the rest of the bar to deter future misconduct.

Defendant argues that the District Court did not find that defendant acted in bad faith. However, bad faith is only required for defaults, not for other sanctions, e.g., fees. AB11-12; e360 v. Spamhaus, 658 F.3d 637 (7th Cir. 2011). Therefore, the District Court abused discretion by its erroneous view of the law and/or evidence. Northern v. Riffner, #15-2142 (7th Cir. 3/10/17). Defendant/city points to no cases requiring bad faith against to recover sanctions for defendant/city's continual misconduct. Defendant/city admits, p.37, that bad faith is only required for §1927 sanctions. Defendant does not distinguish plaintiff's cases of lesser deposition misconduct than defendant/city's and courts sanctioning defendants.

Even if bad faith, willfulness, were required, arguendo, arguably, defendant's repeated wrongful conduct over years, as opposed to a one-time act, demonstrated willfulness, bad faith. Though defendant/city, p.35, states that plaintiff did not cite FRCP 26 in his sanctions motion, plaintiff did. R488, p.2; R492, p.1, Rapp32, 48. Defendant/city violating multiple court orders is sanctionable. e360, supra.

Regarding defendant/city's resolutions praising Knasiak a known discriminator/harasser/retaliator, Rapp33-35, defendant argues that plaintiff did not demonstrate that they were probative for SJ, but intent, credibility etc. are not resolved on SJ, but by the jury.

9

These praising resolutions would help the jury when deciding the issues. Also, during discovery, the plaintiff was prejudiced by defendant/city keeping these praising resolutions hidden because it is unknown what would have been uncovered if defendant/city had produced them during discovery.

Though defendant/city states plaintiff did not present evidence that the praising resolutions were not in Knasiak's personnel file, defendant/city, conspicuously, does not state that they were not in Knasiak's personnel file. Also, even if they were not, the defendant/city should have produced them pursuant to plaintiff's request to produce #132 requesting all documents relating to Knasiak not in his personnel file regarding job performance, awards or discipline. Defendant/city had a continuing duty to supplement discovery responses.  FRCP 26(e). Defendant/city points to no law that plaintiffs must nervously check the internet daily to determine if defendant/city presented false discovery responses. Whereas, courts require defendant/city to supplement its discovery responses e.g., producing the praising resolutions. Id.

Defendant/city, p.38, attempts to blame plaintiff for defendant/city's own wrongful conduct by stating that plaintiff should have sought sanctions earlier, but defendant/city should not have acted sanctionably in the first place. Plaintiffs should focus on the merits, not on filing sanctions motions for defendant/city's misconduct. Defendant/city, p.38, refers to a case management link, but it was created 2/16--nearly 6 years after the plaintiff's sanctions motion. Rapp49. Nevertheless, even if one could reach the District Court telephonically, the District Court is busy with other matters and should not have to reprimand defendant/city for misconduct which defendant/city had to know violated the law.

Defendant/city, p.38, twists one court order and is not forthright with this Court by stating that it violated the court order by providing only a nuisance settlement, but defendant/city

10

presented <u>no</u> settlement offer. AB16. Defendant/city, p.34-35, states that plaintiff "makes it appear that the court found the city's conduct was sanctionable". However, all plaintiff stated in AB11 was that plaintiff moved for sanctions based upon defendant/city's latest slight of defendant/city's continual discovery misconduct.

Defendant/city's citation of <u>Brandt v. Vulcan</u>, 30 F. 3d 752 (7th Cir.1994) is distinguishable. Losing at trial, Brandt requested to strike Vulcan's answer and award judgment to Brandt. <u>Brandt</u> noted that Brandt waited until trial to seek sanctions. Whereas, <u>Sommerfield</u> sought sanctions before trial. Defendant/city does not distinguish the plaintiff's citation of <u>e360</u>, supra, holding that this Court "weigh(s) not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." Plaintiff's sanctions motion presented all straws. The District Court abused discretion and used the wrong method by refusing to review all "straws", effectively encouraging defendant/city and others to engage in future misconduct.

Some courts use defendant's criticisms/misconduct to increase the lodestar. <u>Knop v. Johnson</u>, 712 F. Supp. 571, 586 (WD. Mi 1989) held:

> Defense…referred to plaintiffs' arguments as laughable, ludicrous, abusive...reasonable attorneys should never have to put up with(this)….The stress, frustration and outrage of having to do so… increased the personal toll plaintiffs' counsel paid….that price is not…reflected in the lodestar…I find this behavior to…increase(e) the lodestar, not…to sanction…but because…the lodestar does not… compensate plaintiffs' counsel for their efforts…which were insulted and frustrated.

### *Attorney's fees*

"'If those who violate the Nation['s]…laws are not to proceed with impunity, then citizens must…recover what it costs…to vindicate these rights.'" <u>Moreno v. Sacramento</u>, 534 F.3d 1106,1111 (9th Cir. 2008). Defendant does not cite any case defining reasonableness, nor

distinguishes plaintiff's cases. Reasonableness encompasses hours that reasonable clients would pay having serious intent/finances to vindicate their rights. <u>Perkins v. Mobile</u>, 847 F.2d 735,738 (11th Cir. 1988). Defendant/city had serious intent/finances to fight this case with 7000-9000 hours. Infra. Plaintiff's testimony of his hours "is evidence of considerable weight" which should be accepted unless it "is obviously and convincingly excessive," <u>Perkins,</u> id., (perhaps a higher clear and convincing burden.)

Respectfully, the District Court erred by not giving "considerable weight" to plaintiff's hours, ignoring that defendant failed to meet its burden that such hours were "obviously and convincingly excessive"--arguably a higher burden than plaintiff's preponderance burden, or that plaintiff meet a lower burden than preponderance (as plaintiff's hours are presumptively reasonable, AB27,34.) AB34 (discussing only preponderance).

Even with the preponderance burden, the magistrate judge (MJ) could have had 49.999% doubt (or more under the lower burden), but still plaintiff would have met his preponderance burden (50.001% or more) of proving reasonableness or, arguably, a lesser percentage under a lower burden. Importantly, defendant provided <u>no</u> countering affidavit to plaintiff's undisputed affidavits swearing that plaintiff's hours were reasonable when litigating against defendant/city fighting tooth and nail. e.g., Exh. IV (¶20-26), V(¶ 15-20), R676. Rapp.1, 6.

Defendant/city, p.44, argues that it was not reasonable for plaintiff to expended hours relating to retaliation occurring beyond the EEOC charge and predating plaintiff's protected activity.  In the District Court, defendant/city never argued that defendant's alleged retaliation predated plaintiff's protected activity or that it began with his EEOC charge. R416, p.10-18. Rather, defendant/city argues this for the first time on appeal, thus waiving it. Despite defendant/city's argument, the district court did not grant defendant/city SJ on retaliation based

12

upon predated activity, but rather, for lacking specificity. AB4-9.

Defendant/city, p.44, criticizes plaintiff's $475,000 settlement demand. Then, defendant/city jumps to the conclusion that the District Court did not abuse discretion by looking at the verdict and how plaintiff valued the case to determine that "limited success" existed. Defendant/city provides no reasoning in their deficient syllogism explaining what difference the plaintiff's "value" of the case it made. Conspicuously, neither defendant, nor the MJ, appendix 59, provides specificity or evidence that plaintiff could have prevailed with fewer hours. Partington v. Broyhill, 999 F.2d 269, 273-74 (7th Cir. 1993) (rejected notion that plaintiff "could have spent less without jeopardizing his prospects for winning"); Anderson v. AB, 578 F.3d 542,546 (7th Cir. 2009) ("district court did not suggest how…(plaintiff) could have resolved the case more efficiently"; "reasonableness has nothing to do with whether the district court thinks a small claim was 'worth' pursuing at great cost. Fee shifting statutes remove this… decision from the court.")

Because defendant made no settlement offer, supra, plaintiff's value of the case is irrelevant. What is relevant is that plaintiff had to expend the hours reflected in his time records to prosecute this case to a verdict, shouldering the enormous risk. Defendant's arguments are hindsight, after-the-fact. Whereas, plaintiff expended the hours before-the-fact of the verdict, Defendant/city expended more than double the plaintiff's hours. Infra. Defendant/city does not refute this with evidence.

Some may say that defendant, p.44, misleads this Court by stating that plaintiff requested $3 million from the jury. The MJ stated that plaintiff suggested $1.5 million. App.60. What plaintiff "suggested" to the jury is not determinative. Enoch v. Tienor, 570 F. 3d 821 (7th Cir. 2009) (inconsequential that plaintiff requested $10 million; verdict of $635,000 was not nominal;

"we … rejected… that the fee… should be reduced because the damages were smaller

than…plaintiff…sought").  Similarly, <u>Sommerfield's</u> $30,000 verdict wasn't nominal. The MJ

erred by implicitly treating it as nominal.

Regarding plaintiff's argument that the District Court erred by failing to determine

whether common facts existed between the successful/nonsuccessful counts, defendant/city, p.

44, argues that "in some cases" separating the successful claims from the nonsuccessful claims is

not possible; thus, slashing fees across the board is not wrongful. Defendant/city failed to meet

its burden that separating the successful/nonsuccessful "claims" was not possible in <u>this</u> case, not

other cases. Also, defendant/city failed to meet its burden that the nonsuccessful counts were

"claims" seeking separate relief from the successful counts. <u>M.B. v. Chicago</u>, 723 F.2d 1263 (7th

Cir. 1983) Defendant/city presents no evidence/argument that it even attempted to meet these

burdens, much less did.

Alternatively, even if the nonsuccessful counts were claims and/or it were not false that

the time between the successful/nonsuccessful claims could not be separated, arguendo,

defendant/city failed to meet its burden to prove that all claims did not share common facts or

were not based upon related legal theories supporting the same relief. <u>M.B.</u>, supra. Consequently,

as defendant/city failed to meet its burden, the MJ erred by slashing plaintiff's work with a meat

ax.

Defendant/city, p.44, argues that the MJ stated that it was not possible to separate the

work between the successful/unsuccessful claims, but the MJ fails to specify. Nevertheless, if a

MJ could merely state that separating the work is not possible in a conclusory fashion, then such

would destroy all jurisprudence that 1) defendants bear the burden to separate

successful/nonsuccessful claims or demonstrate that claims cannot be separated and 2) that

plaintiffs should be compensated for work based upon common facts.

Defendant/city cites Richardson v. Chicago, 740 F.3d 1099 (7th Cir. 2014) but Richardson involved a fee petition of inadequate time records. Defendant/city makes no argument and presents no evidence that the plaintiff's time records were not adequate. Richardson noted that if successful/unsuccessful claims are just different legal theories supporting the same relief, full compensation is proper. Richardson prevailed only against one defendant, lost against 9 defendants and lost 38 of 39 claims. Multiple attorneys performed the same tasks. Defendant/city presents no evidence/argument that this applies to Sommerfield.

Also, Richardson rejected a generous settlement offer, exceeding the verdict, but in Sommerfield, defendant/city made no settlement offer. Supra. Moreover, Richardson argued for the first time on appeal that the city should indemnify Richardson's fees. Furthermore, Richardson's compensatory verdict was only $1 and $3000 in punitive damages, but Sommerfield's compensatory verdict alone was $30,000--10 times the Richardson compensatory and punitive verdict and 30,000 times the Richardson compensatory verdict.

When defendant discusses the MJ's criticism, p. 51, some may think and feel that defendant/city, citing Pickett v. Sheridan, 813 F. 3d 640 (7th Cir. 2016) and discussing "disciplinary history", [Pickett's attorney had an ARDC disciplinary history, Johnson v. GDF, 668 F.3d 927 (7th Cir. 2012)], implies--unfairly--to this Court that the MJ's criticism referred to a "disciplinary history". It did not. Though defendant argues that the MJ stated that his recommendation would have been the same despite the criticism, substance overcomes form. Some may think or feel that the MJ substantially focused on previous criticism, AB31-34, instead of focusing on complying with the Supreme Court's mandate (AB26) that district courts compensate attorneys with fees that will entice attorneys to accept these cases.

Citing AB16, defendant/city, p.45, states that it presented a nuisance settlement offer, thus, plaintiff had to prosecute the case through a jury trial. Actually, defendant/city is mistaken. AB16 states that defendant/city presented no settlement offer. Supra. Defendant/city presented no offer though their own investigator concluded that Sgt. Knasiak discriminated/harassed plaintiff and others for years. AB2, 10, 39, 45; R456, p.3-4, R365, p.1, Rapp33-35,50, 51. Consequently, defendant/city acted wrongfully with their Stalingrad defense--fighting tooth and nail, requiring plaintiff to invest substantial resources to counter defendant/city's enormous resources. Unless attorneys, particularly sole practitioners, are incentivized to bear the nervous risk, they will reject these cases.

Referring to plaintiff's argument that the MJ wrongfully deducted hours as motions did not succeed, citing AB25, 34-35,37,39, defendant argues, p.48-49, that such argument is not true as the MJ stated that cases do not hold that attorney's compensation is based upon whether motions succeed. However, defendant fails to respond to plaintiff's specifics for making his argument, e.g., the MJ denying compensation for motions for sanctions and reconsideration which did not succeed (and are part of this appeal). Instead of responding to plaintiff's arguments, defendant, p.49, cites Montanez v. Simon, 755 F.3d 547 (7th Cir. 2014) to state that it is not necessary to review every slash of plaintiff's work, but Montanez involved different issues, i.e., whether the District Court could strike plaintiff's time as defendant objected on a spreadsheet, not in its brief.

Aside from failing to respond to numerous arguments in AB, defendant fails to respond to plaintiff's argument (AB41-42) that the District Court erred by eliminating hours relating to motions/briefs and then slashing by another 50%. The District Court could not do both. Hensley v. Eckerhart, 461 US 424 (1983), Nanetti v. University, 944 F.2d 1416 (7th Cir. 1991).

16

Percentage-based reductions are capricious as the lodestar "cabins the discretion of trial judges." Perdue v. Kenny, 559 US 542, 552 (2010). The Supreme Court teaches that unless a factor exists that the lodestar did not consider, a strong presumption exists that the lodestar is reasonable and that overcoming the presumption is rare. Perdue. Notably, defendant does specify (its burden, AB35) whether or how it overcame this rarity.

Lawyers do not "spend unnecessary time on contingency ... cases....the payoff is too uncertain....court(s) should defer to the winning lawyer's professional judgment… after all, he won, and might not have, had he been ... a slacker." Moreno v. City, 534 F.3d 1106, 1112 (9th Cir. 2008); see, Mohr v. Chicago, 194 F.Supp.2d 786 (ND Ill. 2002). This is particularly true with sole practitioners (e.g., plaintiff) who can only work on a few cases simultaneously which must generate income to pay bills.

### Defendant's 7000-9000 hours

Defendant, p.51, refers to it spending 7000-9000 hours compared to plaintiff's 3742 hours. Though defendant states that its outside attorney spent 2454.30 hours, defendant fails to inform this Court that defendant/city retained outside attorneys for only 2-1/2 years of this six-year case. R676, p. 10. Defendant states that 7000-9000 hours is an "overstatement", yet, defendant fails to provide facts or fully developed arguments for its conclusory argument, waiving it. Gyorgy, supra.

As plaintiff argued that the District Court erred by utilizing defendant's hourly rate when determining plaintiff's hourly rate (AB29-30), to be fair, when determining reasonableness, the MJ should have provided substantial weight to defendant's 7000-9000 hours versus plaintiff's 3742 hours. AB25. Defendant willing to fight tooth and nail with 7000-9000 hours demonstrates that defendant believed 7000-9000 hours was reasonable. Blowers v. Lawyers, 526 F.Supp.

1324,1327 (W.D.N.Y.1981) (" if…defense...expended... substantial...time defending,...this...suggest(s) that her attorney's presentation...was...skillful").

Defendant's belief provides strong evidence that plaintiff's 3742 hours was reasonable. AB24. Consequently, the District Court erred by discounting this strong evidence.  As stated, defendant/city fought this case with 7000-9000 hours though its own investigator concluded that Knasiak discriminated/harassed the plaintiff and others. Supra.

Defendant states that it did not contest the 7000-9000 hours and the District Court justified those hours as defendant/city having to spend time responding to unnecessary motions, but defendant implies that the District Court's order preceded defendant's response. It did not. The District Court's order came after defendant's response. Defendant points to no evidence that it disputed the 7000-9000 hours when it responded to plaintiff's fee petition before the District Court's order.

Also, even if plaintiff's motions were not necessary, arguendo, and after subtracting defendant's hours responding to such, defendant would still have thousands of more hours (7000-9000) than plaintiff's 3742 hours. Defendant/city provided no evidence disagreeing with this fact. Notably, it would not take defendant/city more than double the number of hours (7000-9000) compared to plaintiff's 3742 hours if plaintiff's motions were not reasonable. Plaintiffs bear the burden to prove their case, so plaintiffs expend more hours than defendants. As plaintiff argued (AB35,46), courts hold defendants have the burden to prove that plaintiff's hours (which are presumptively reasonable, supra) were not reasonable and, respectfully, defendant failed.

### *$395/hour; below market*

Regarding hourly rate, defendant/city ignores plaintiff's undisputed affidavit that he charged paying clients $395/hour. Defendant/city states that the MJ rejected the invoice showing

that plaintiff charged $395/hour. However, even without such invoice, plaintiff's <u>undisputed</u> affidavit that he charged paying clients $395/hour was sufficient to establish his hourly rate. AB28-29; compare, <u>Hill v. Tangherlini</u>, 724 F.3d 965 (7th Cir.2013) (plaintiff's affidavit defeats SJ). Defendant/city cites <u>Pickett v. Sheridan</u>, 664 F. 3d 632 (7th. Cir. 2011), but Pickett did not present his undisputed affidavit that he charged paying clients his hourly rate. Also, <u>Pickett</u> does not hold that plaintiffs must present invoices that paying clients pay his hourly rate. <u>Pickett</u> does not overrule the well-established law that undisputed affidavits must be accepted as true. AB5-6. Notably, defendant does not distinguish these cases, nor presents cases that District Courts need not accept undisputed affidavits.

Instead, defendant presents <u>Montanez</u>, supra, involving a verdict of only $2000. <u>Montanez</u> asserted that plaintiff's hourly rate should be what he bills paying clients or the market rate. Montanez did not have paying clients, thus, attempted to use contingency retention agreements. In <u>Sommerfield</u>, plaintiff presented his undisputed affidavit of having paying clients ($395/hour). Consequently, this should have been sufficient. Notably, the <u>Montanez</u> District Court provided $385/hour to attorneys with substantially less experience (9-13 years) than plaintiff's (29 years, AB28) whom the MJ provided only $300/hour.

Also, <u>Montanez</u> asserted that plaintiffs bringing multiple theories to remedy the same harm should not be penalized if all are nonsuccessful, provided plaintiff wins on one. Therefore, in <u>Sommerfield</u>, the MJ erred by penalizing plaintiff for not succeeding on all theories and conveying contempt for the $30,000 verdict, presumably believing that the verdict should have been higher based upon the allegations. Neither defendant, nor the MJ, states or provides cases what amount would be considered successful. Such appears too subjective, which <u>Perdue</u>, supra, teaches must be avoided. <u>Perdue</u> prefers objectivity which can be reviewed on appeal.

19

Defendant's citation of <u>Schlacher v. Rotche</u>, 574 F. 852(7th Cir. 2009) involved four attorneys, though the court stated that one sufficed. <u>Schlacher</u> noted that when substantial fees exist (e.g., <u>Sommerfield</u>), the District Court must calculate the compensation with greater precision and not use a meat ax.

Regarding city's attorney charging $275/hour, defendant/city cites no cases that such is determinative, nor distinguishes plaintiff's cases that District Courts use the wrong standard when using defendant's hourly rate instead of the market rate. <u>Norman v. Housing</u>, 836 F. 2d 1292 (11th Cir. 1988) (wrong to consider low rates charged by insurance defense attorneys). Nor does defendant respond to plaintiff's arguments that city's attorneys receive volume business from defendant/city, are paid monthly and don't bear the risk of contingency or of not receiving one dime for the thousands of hours of work if the case loses, etc. AB29-30.

Plaintiff produced 8 undisputed affidavits. [R676-678; 697-698, Rapp.1,6,17,30,40-47,54]. Defendant/city, correctly, refers to a sentence in AB32 conveying that the Seventh Circuit settlement conference attorney presented an affidavit. Such sentence was not written clearly. Such attorney did not present an affidavit. Such sentence cited Exhibit II ¶25-29 which is plaintiff's affidavit discussing facts regarding such Seventh Circuit attorney.

Defendant refers to App82-83 in which the MJ criticized DeRose's affidavit (Rapp1), for not discussing "type of services Mr. Longo provided", but as Mr. DeRose does similar work as plaintiff and discusses his extensive background, he testified to the plaintiff's type of services. Compare, <u>Johnson v. GDF</u>, 668 F.3d 927(7th Cir. 2012) (District Court abused discretion to decide that market must distinguish between FLSA and Title VII cases).

Defendant, p.47, states that three of plaintiff's affidavits attested that $395/hour was reasonable. Actually, these affidavits stated that $395/hour was <u>low</u>, <u>below market</u>. Potter, ¶13;

Maduff, ¶25; Lee ¶15, 17 (discussing the dearth of younger attorneys becoming employment lawyers because of the difficulty of earning a living compared to other specialties), exhibits V-VII, Rapp 6, 17, 43, R676. Consequently, even if it were not false that the plaintiff's skill were not sufficient, plaintiff's hourly rate was already below market. E.g., Maduff, ¶23, (17 years of experience, $615/hour); Lee, ¶3, 14 (35 years, $525/hour); Rapp 43, 17, respectively. Unfairly reducing plaintiff's hourly rate further violated Perdue's teaching to entice attorneys to accept these cases. Infra.

Potter, ¶12, attested that for 10 years she had been familiar with Mr. Longo's work, his contributions to plaintiff's employment bar, his assistance to new and seasoned lawyers and to children and adults in his charitable work. After reviewing plaintiff's extensive billing records, Potter, ¶20, attested that plaintiff's 3756 hours over six years "was reasonable and necessary for the success of the case and the work reflects great diligence and good lawyering by Mr. Longo." Rapp 6.

Regarding the motions to reconsider, limine and sanctions—which are part of this appeal--even if this Court did not reverse, this does not mean that such motions were not reasonable, compensable. Plaintiff's sanctions motion details defendant's multiple court order violations, hiding documents, misconduct at depositions, supra. Ethically, attorneys are duty-bound to represent their clients zealously, e.g., presenting the above motions. AB34-35.

Defendant, p.49, argues that this Court cannot review AB35-41 as the District Court can better determine reasonableness, but parties would have no avenue if they could not turn to this Court for a meaningful review. Also, defendant argues that the District Court did not use the wrong standards or rule arbitrarily, but defendant fails to provide fully developed arguments explaining how or why, thus waiving the argument. Gyorgy, supra. The MJ's meat ax utilized the

wrong method and abused discretion by disregarding the Supreme Court's proclamation that courts must encourage attorneys to accept these cases and litigate them as if they were paid hourly, monthly--like defendant's attorneys. E.g., AB26.

Conspicuously, defendant did not respond to AB35-41. Plaintiff details how defendant failed to meet its burden to demonstrate that plaintiff's motions were not reasonable and how the MJ made statements that were contrary to the facts in the record. Indeed, plaintiff demonstrated with evidence that the MJ was, respectfully, wrong with many of his statements. Defendant failed to respond and demonstrate that plaintiff's arguments and evidence were not correct.

The only exception to defendant not responding to AB35-41 is plaintiff's limine motion regarding defendant's <u>Faragher/Ellerth</u> defense. Defendant states that such motion was nonsensical, but, the fact is that though defendant bears the burden under <u>Faragher/Ellerth</u> to prove three prongs, defendant argued in the District Court that its defense was based <u>solely</u> on the plaintiff not complaining, i.e., one prong; thus the MJ denied plaintiff's motion to compel certain discovery based upon defendant's representation. R698, p.14; R356, p.3; R354.

Defendant presents no evidence countering plaintiff's argument of what defendant argued regarding <u>Faragher/Ellerth</u>. Therefore, as defendant admitted that it was asserting only one prong, and thus, by definition, failed to prove three prongs, plaintiff moved for SJ. Because of plaintiff's SJ motion, as defendant admits, p.50, the District Court struck defendant's <u>Faragher/Ellerth</u> defense--which threatened plaintiff's case. AB38-39.

***Undisputed amounts***

Conspicuously, when responding (R723) to plaintiff's objections to the report and recommendation, defendant/city did <u>not</u> argue that it disagreed with reimbursing plaintiff $2177.50 that he paid Attorney Hunt (before retaining Mr. Longo) and reimbursing plaintiff

nontaxable costs of $4229.59. AB24.  Conspicuously, defendant/city does not argue that it

disagreed with these undisputed amounts when responding (R693) to the fee petition.

Conspicuously, defendant does not argue that it disagreed with these undisputed amounts in the

joint statement (R676,678). The reason is because defendant/city agreed to these undisputed

amounts.

Regarding these undisputed amounts, defendant refers to its footnote, p.50, which relates

to a sentence referring to hours regarding defendant's Faragher/Ellerth defense, not undisputed

amounts. Nevertheless, defendant argues that plaintiff did not develop the argument of the above

undisputed amounts, but defendant fails to state how plaintiff did not develop this argument.

Nothing more needs development by plaintiff other than stating that defendant did not disagree

that plaintiff was entitled to these amounts.

Regarding defendant's footnote, defendant refers to the FRCP 54.3(e) joint statement.

Such statement refers to plaintiff's position of "nontaxable expenses of $5604.59" and

defendant's "position is ... nontaxable expenses of $4229.59 should be awarded." p.1-2,

R676,678 Rapp37. Consequently, defendant agreed to pay nontaxable expenses of $4229.59.

Then, defendant, p.50, attempts to twist this agreement by stating that $4229.59 included

$2177.50 of fees plaintiff paid to another attorney, but defendant points to no evidence for this.

Defendant mistakenly refers to it's correspondence, R693-2 at 12, instead of p.10. (p.10,

12, Rapp52-53). On p.10 ( which preceded the joint statement), defendant agrees to reimburse

plaintiff for paid fees of $2177.50 and expenses of $2052.09. After negotiation, in the joint

statement filed on 6/12/12, supra, defendant agreed to reimburse plaintiff expenses of $4229.59,

though plaintiff's expenses were $5604.59. Supra. Despite the defendant's attempt to twist the

agreement, fees paid to another attorney are not nontaxable expenses, but fees. Both plaintiff and

defendant used "nontaxable expenses" in the joint statement referring to out-of-pocket expenses.

Defendant argues that plaintiff's citations do not show that defendant did not disagree with these amounts, but defendant fails to explain how or why. Defendant's footnote argues that plaintiff "requested that amount in his reply", but defendant fails to identify the amount. Defendant's previous paragraph referred to $6406.59, $4229.59, $2052.59 and $5604.59. Also, defendant failed to cite the reply, waiving the argument. Gyorgy, supra. Nevertheless, plaintiff demonstrated, above, how defendant agreed to these amounts. Fighting the amounts to which defendant agreed ($4229.59 for expenses and $2177.50 in fees) in defendant's appellate brief, defendant has probably spent fees exceeding these amounts.

Defendant, p.50, argues that reimbursing plaintiff $2177 for what he paid another attorney would be a "double recovery". Respectfully, such is absurd.  It is separate from plaintiff's fees. Next, defendant argues that the District Court did not abuse discretion by not sorting these expenses, but there was nothing to sort. Nor does defendant meet its burden and develop its argument of what needed sorting, thus waiving it. Gyorgy, supra. Though defendant implies a "discrepancy", without stating what it is, there was no discrepancy. In short, defendant agreed to reimbursing expenses of $4229.59 along with $2177 for fees. Defendant did not disagree with this. Supra. Therefore, the District Court erred by not discussing these undisputed amounts and reimbursing plaintiff for them.

### *As defendant failed to meet its burden, correct method entailed compensating plaintiff for his work/risk*

In USF v. NFL, 887 F.2d 408 (2d Cir. 1989), the jury awarded nominal damages of $1, trebled to $3. Though plaintiff lost all claims except one and received only $1, the District Court only reduced the fees ($7,662,709.05) to $5,271,504 based upon vague time records and reasonableness. The Court of Appeals affirmed, noting that defendant failed to meet their burden

to reduce the lodestar. Also, the Court of Appeals rejected defendant's argument that plaintiff should not be compensated for unsuccessful claims, holding that they were part of common facts with the sole successful claim.

As "fee shifting statutes…are designed to prevent the…high cost of litigation from stifling justified claims", <u>Cuff v. Trans</u>, 768 F.3d 605, 610 (7th Cir. 2014), and the Supreme Court defines reasonableness as enticing attorneys to accept these cases, AB26, the District Court abused discretion and used the wrong method, reviewed de novo, by using a meat ax.

Respectfully submitted,

/s/ Joseph Anthony Longo

_____

Joseph Anthony Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Longo-Associates@SBCglobal.net
Attorney No. 53635

**Certificate of Service**

I, Joseph A. Longo, an attorney, certify that I served this Reply Brief by electronic filing on 13 March 2017 after 5pm.  Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

_____
Joseph A. Longo

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,

Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)

because:

[X]     this brief contains 6968 words, excluding the parts of the brief exempted by Fed. R. App.

P. 32(a)(7)(B)(iii), or

[ ]     this brief uses a monospaced typeface and contains <state the number of> lines of text,

excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the

type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]     this brief has been prepared in a proportionally spaced typeface using Times New Roman

in 12pt font regular, or

[ ]     this brief has been prepared in a monospaced typeface using Microsoft Word 2003 <state

name and version of word processing program> with <state number of characters per inch and

name of type style>.

Date: 13 March 2017

_____

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056

26

(847) 640-9490
Longo-Associates@sbcglobal.net
Attorney No. 53635

### Circuit Rule 30 Certification

Pursuant to Circuit Rule 30 (d), the plaintiff certifies that all materials required by parts (a) and (b) of Rule 30 are included in the appendix.


(s) _____

Attorney for   plaintiff

      Dated: 13 March 2017